### DECOSS v. TURNER & BLANCHARD, Inc.

(Circuit Court of Appeals, Second Circuit. November 15, 1926.)

No. 66.

1. **Trial** ⬤�map382—Trial judge, as trier of facts, must make firm decision on issues of fact, and cannot escape responsibility by statement that his mind is confused.

Trial judge, as trier of facts, must render firm decision on issues of fact raised by conflicting testimony, and cannot escape responsibility by mere statement that his mind is confused or unsettled.

2. **Witnesses** ⬤�map340(2)—Moral qualities must be considered in determining credibility of witnesses, and one witness having proper attributes outweighs any number not possessing such attributes.

Moral qualities must be considered in determining credibility of witnesses, and one witness having proper attributes of ability and credibility outweighs any number of witnesses not possessing such attributes.

3. **Admiralty** ⬤➤117.

Appeal in admiralty is trial de novo, and appellate court may examine facts.

4. **Master and servant** ⬤➤279(4).

Evidence *held* to show that injury sustained by stevedore while unloading ship was caused by negligence of fellow servant, precluding recovery.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel filed by Peter Decoss against Turner & Blanchard, Inc., to recover damages for personal injuries sustained while in its service. Decree for respondent; libelant appeals. Affirmed.

Milton A. Fischer, of New York City, for appellant.

E. C. Sherwood, of New York City (William L. O'Brion, of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and MACK, Circuit Judges.

MANTON, Circuit Judge. The appellant was employed by the appellee on a steamship at Pier 6, foot of Forty-Second street, Brooklyn. He was a member of a gang of stevedores who were unloading boxes and barrels through one of the hatchways to the dock. A net sling was used in lifting the barrels, and it was the duty of the appellant, with others, to take the barrels from their place of stowage in the hold of the vessel and prepare them for hoisting. The claim upon which negligence is predicated is that pieces of wood —parts of broken boxes—had accumulated together with pieces of dunnage, and were on the floor of the hold in the clear space; that while tipping a barrel, which was being prepared for hoisting, the edge of the barrel struck a piece of wood, which flew up, striking him in the eye, and causing the loss of an eye. The barrels in question weighed about 700 pounds and were 3 feet high. Three men were engaged in moving each barrel. The appellant was using a hook, endeav-

oring to tip the barrel, when he says this accident occurred. In support of this claim, he called four men of his gang. The appellee produced one disinterested witness, who testified that one of the men engaged in moving the barrel was using a hand hook, and that it slipped, striking the appellant in the eye, causing the injury. The District Judge rendered an opinion, stating:

. "The trial resolved itself into a question of veracity. " * * There is no middle ground. Either one side or the other was telling the truth. In other words, the testimony is evenly balanced as to this determining point. * * * Either the watchman was telling the truth, or these companions of libelant's were. The watchman's story was neither improbable nor unlikely, nor can I see that anything in the way of motive existed. Nor was the story of the stevedores necessarily improbable or unlikely, although, if the watchman's story is true, considerable motive may have existed in the mind of at least the companion of libelant, who unfortunately then had caused the injury.

"However, bearing in mind the burden resting on libelant, to prove by a fair preponderance of evidence, how the accident happened, the cause, as well as the effect, I am unable on this record to determine the cause. One story is as likely as the other. One witness' statement is absolutely contradictory of the other. There is nothing in the record by which I can measure the respective credibility of the witnesses. I am therefore unable to determine by a fair preponderance of evidence what caused the accident."

Thereupon, he said, "It is necessary for me to dismiss the complaint."

[1] The learned District Judge was called upon to decide where the truth was in this controversy. He had the advantage of seeing the witnesses and hearing them testify and through the process of cross-examination learning their interest and thus he had full opportunity of reaching a determination on the issue of fact presented. Such is the daily task of a trial judge where issues of fact are presented. It will not do to escape the responsibility by a mere statement that the mind of the trier of facts is confused or unsettled as to the controversy. Either the libelant made out his claim or failed to do so, and a firm decision on this issue of facts should have been rendered. It was not a difficult task.

[2] Within a courtroom, as without, many elements enter into the test of credibility of a witness. They have often been repeated in the cases. No measure need ordinarily be made because of quantity. It is the moral qualities which constitute credibility. One witness, having the proper attributes of ability and credibility, who exemplifies such as he testifies, outweighs any indefinite number of witnesses, who do not possess the same attributes, or might possess other attributes. When evidence is weighed to determine what is the fact proven thereby, the qualities going to make up the integrity of the witness are never bolstered up by numbers. The number of witnesses are ordinarily not to be counted by a jury or trial judge, in order to determine upon which side there is a preponderance. The evidence given by them is to be weighed by the familiar tests by which men determine the truthfulness of statements of other men in everyday life.

[3, 4] This being an appeal in admiralty, and therefore a trial de novo, we may and do examine the facts. Mr. Brasier, called by the appellee, was employed by the steamship line. He was a disinterested witness, and his testimony, when read, is most convincing. He showed no bias or motive to deceive. It was his duty to watch the men and guard against theft. His testimony is clear that the appellant's injury was caused by a hook slipping and striking him in the eye. Without bias or motive, with a frankness to be commended, there was nothing to indicate why he should wrong an unfortunate workman who has sustained such an injury. On the other hand, the testimony given by the appellant's fellow workmen contains many doubts and inconsistencies. It should not be accepted as establishing the claim that a piece of wood caused the injury.

The decree is affirmed, with costs.